## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RODNEY M. WALLS,

        Appellant,

      v.

UNITED STATES POSTAL SERVICE,

        Agency.

DOCKET NUMBER
PH-0752-11-0287-X-1

DATE: August 12, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Debra A. D'Agostino, Esquire, Washington, D.C., for the appellant.

Jeannette L. Bisson, Esquire, Landover, Maryland, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1 On December 6, 2011, the administrative judge issued a recommendation that the Board find, under the Board's regulations in effect at that time, the agency in noncompliance with the administrative judge's August 1, 2011 initial decision that became the Board's Final Order on September 5, 2011. MSPB

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Docket No. PH-0752-11-0287-I-1, Initial Appeal File, Tab 16. The matter was referred to the Board for consideration.[2] *See* 5 C.F.R. § 1201.183 (Jan. 1, 2012). The administrative judge found that the agency did not comply with the Board's final decision regarding back pay and benefits. MSPB Docket No. PH-0752-11-0287-X-1, Compliance Referral File (CRF), Tab 1.

¶2    The agency submitted a response to the Board's acknowledgment order on December 20, 2011, which stated that he was restored to his previous position on November 14, 2011, and that the appellant had received $16,183.54 in gross back pay on December 9, 2011. *See id.* The agency stated that the appellant was scheduled to receive an additional $4,548.75 in his December 23, 2011 paycheck. CRF, Tab 3. The appellant responded on January 9, 2012, stating that the agency calculated his back pay incorrectly, in that it paid him .21 percent interest rather than 4 percent interest, as set forth in the Office of Personnel Management's directive. CRF, Tab 6.

¶3    On May 21, 2012, the agency submitted a narrative response with attached documentation, asserting that the appellant received a total of $10.81 in interest on the $17,493.17 in back pay. CRF, Tab 9. In calculating the interest, the agency followed the provisions of the Postal Service's employee and labor relations manual (ELM), which was .21 percent. *See id.*, Exhibit 2. The appellant did not respond to the agency's submission.

¶4    In *Driscoll v. U.S. Postal Service*, the Board held that, "in computing interest on back pay for a non-preference eligible employee of the U.S. Postal Service, the provisions of the Postal Service's [ELM] apply." 113 M.S.P.R. 565, 569 (2010). Section 436.73(a)(1)(b) of the ELM provides that, for a nonpreference eligible employee, the correct interest rate on a back pay award is

---

[2] Except as otherwise noted in this decision, we have applied the Board's regulations that became effective November 13, 2012. We note, however, that the petition for enforcement in this case was filed before that date. The revisions to 5 C.F.R. § 1201.183 do not affect our consideration of the merits of this compliance proceeding.

the Federal Judgment Rate.  The ELM also provides that the interest rate to be used "is the rate in effect 7 days prior to the date of the award."  The means of computing the Federal Judgment Rate is codified at 28 U.S.C. § 1961.  *Id.*  Here, the administrative judge issued an initial decision on August 1, 2011.  On 7 days prior to August 1, 2011, the rate was .21 percent.  Accordingly, we find that the agency correctly used the interest rate set forth in its ELM to calculate the interest on the appellant's back pay.

¶5      In light of the agency's evidence of compliance, and the appellant's failure to respond, we find the agency in compliance and DISMISS the petition for enforcement.  This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

### NOTICE TO THE APPELLANT REGARDING
### YOUR RIGHT TO REQUEST
### ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your attorney fees motion with the office that issued the initial decision on your appeal.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.